COPY
ORIGINAL

Case 3:04-cv-02493-N   Document 13   Filed 04/20/05   Page 1 of 3   PageID 27

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 2 0 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE ROSE NURNBERG | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-04-CV-2493-N |
| CITY OF IRVING, ET AL. | § § § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Michelle Rose Nurnberg, an inmate in the TDCJ-ID, against the City of Irving and unnamed police officers. On November 18, 2004, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. On January 21, 2005, a written questionnaire was sent to plaintiff in order to obtain additional information about the factual basis of her suit. *See Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). Plaintiff was warned that the failure to answer the questionnaire within 20 days "may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." No answers were filed. On February 18, 2005, the court gave

plaintiff an additional 20 days to answer the questionnaire. Another 20-day extension was granted by order dated March 24, 2005. Both times, plaintiff was warned that her complaint may be dismissed without further notice if she failed to file verified answers to the *Spears* questionnaire. *See* ORDERS, 2/18/05 & 3/24/05. To date, the questionnaire remains unanswered. The court now concludes that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent a written questionnaire to plaintiff nearly three months ago. Plaintiff has not answered the questionnaire despite repeated warnings that her failure to do so would result in the dismissal of the case. The court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether process should be issued to the defendants. The inability to proceed with this litigation is directly attributable to plaintiff's failure to provide the information requested. Dismissal is clearly warranted under these circumstances. *See Armstead v. Corrections Corporation of America*, 2004 WL 3045190 at *1 (N.D. Tex. Dec. 2, 2004),

*rec. adopted*, 2004 WL 3048619 (N.D. Tex. Dec. 30, 2004) (dismissing complaint for failure to answer *Spears* questionnaire); *Wiggins v. Management and Training Corp.*, 2003 WL 22259080 at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 30, 2003) (same).

### **RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

DATED: April 20, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE